**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Shoup, ) | No. CV 12-01337-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Metropolitan Life Insurance Company et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it plaintiff's motion to compel discovery (doc. 19), defendants' response (doc. 20), and plaintiff's reply (doc. 21).

Defendant Cognizant Technology Solutions ("Cognizant") sponsors an ERISA-governed employee welfare benefit plan (the "Plan") which provides short-term and long-term disability ("STD" and "LTD") benefits to Plan participants. Cognizant self-funds STD benefits under the Plan, whereas Metropolitan Life Insurance Company ("MetLife") funds LTD benefits. Cognizant has delegated claims administration for both STD and LTD benefits to MetLife.

Plaintiff seeks discovery regarding MetLife's potential conflict of interest. Defendants argue that our review is limited to the administrative record and that the requested discovery should be denied because MetLife adjudicates STD benefits claims free of any structural

conflict of interest, and because MetLife has not adjudicated plaintiff's LTD benefits claim.

The parties agree that the relevant standard of review is abuse of discretion. Courts are generally limited to the administrative record when reviewing a case on its merits for abuse of discretion, <u>Abatie v. Alta Health & Life Ins. Co.</u>, 458 F.3d 955, 970 (9th Cir. 2006). However, if the administrator is operating under a conflict of interest, "that conflict must be weighed as a factor in determining whether there is an abuse of discretion." <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 115, 109 S. Ct. 948, 957 (1989) (quotation omitted). Therefore, we have discretion to consider extrinsic evidence when a conflict of interest exists in the claims decision-making process. A structural conflict of interest exists where an entity both administers and funds a benefits plan. <u>Metropolitan Life Ins. Co. v. Glenn</u>, 554 U.S. 105, 112, 128 S. Ct. 2343, 2348 (2008); <u>Abatie</u>, 458 F.3 at 965. Limited discovery is permitted to determine "the nature, extent, and effect on the decision-making process of any conflict of interest." <u>Abatie</u>, 458 F.3d at 970. In weighing a conflict of interest, courts will consider factors such as "evidence of malice, of self-dealing, or of a parsimonious claims-granting history." <u>Id.</u> at 968.

Here, Cognizant self-funds STD benefits under the plan, and delegates claim administration to MetLife. Plaintiff argues that a structural conflict of interest is not necessarily negated by delegating authority to a third-party administrator. We agree. <u>See Rude v. Intel Corp. Long Term Disability Plan</u>, 2012 WL 4120490 at *1 (D. Ariz. 2012). Plaintiff contends that MetLife's STD claims personnel have an incentive to deny STD claims so that a claimant will not be eligible for LTD benefits. It is conceivable that the LTD benefits Plan could influence MetLife's STD claim management practices. Discovery is appropriate to flesh out the claim.

A structural conflict of interest exists in connection with the LTD benefits decision-making process because MetLife both administers and funds LTD benefits under the Plan. Defendants claim the LTD benefits are not at issue in this action. Defendants argue that plaintiff's request for MetLife to evaluate her LTD claim was insufficient because she never

1 submitted an LTD claim form or proof of loss, and therefore she failed to exhaust the
2 administrative remedies with respect to the LTD claim. See Defendant's Response at n. 1.
3 Generally, "an ERISA plaintiff claiming a denial of benefits 'must avail himself or herself
4 of a plan's own internal review procedures before bringing suit in federal court.'" Vaught v.
5 Scottsdale Healthcare Corp. Health Plan, 546 F.3d 620, 626 (9th Cir. 2008). However,
6 administrative exhaustion is not required where "the administrative route is futile or the
7 remedy inadequate." Amato v. Bernard, 618 F.2d 559, 568 (9th Cir. 1980). Plaintiff argues
8 that it would be futile for her to exhaust her LTD administrative remedies because the STD
9 and LTD definitions of disability are essentially the same, and the plans are fully integrated.
10 The assertion of the claim to LTD benefits is sufficient to warrant discovery on it. The issue
11 of exhaustion can be decided on summary judgment.

**IT IS ORDERED GRANTING** plaintiff's motion to compel (doc. 19). Defendants must respond to plaintiff's eight interrogatories and four requests for production. Plaintiffs may depose Dr. McPhee and two claim analysts. The Rule 16 Scheduling Order will not be amended as a result of this order.

DATED this 17th day of January, 2013.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge